UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CITIZENS FOR APPROPRIATE RURAL ROADS, INC., *et al.*, ) ) ) Plaintiffs, ) ) vs. ) ) RAY LAHOOD, in his official capacity as ) Secretary of the United States Department of ) Transportation; MICHAEL B. CLINE, in his ) official capacity as Commissioner of the ) Indiana Department of Transportation; ) ROBERT F. TALLY, in his official capacity ) as Division Administrator – Indiana Division ) of the Federal Highway Administration; and ) VICTOR MENDEZ, in his official capacity ) as Administrator of the Federal Highway ) Administration, ) ) Defendants. ) | 1:11-cv-01031-SEB-DML |

**ORDER ON PENDING MOTIONS**

Presently before the Court are Plaintiffs' Motion for Preliminary Injunction [Docket No. 36], filed December 9, 2011; Federal Defendants' Motion to Strike and Motion in Limine [Docket No. 59], filed February 2, 2012; and Federal Defendants' Partial Motion to Dismiss [Docket No. 62], filed February 2, 2012.  For the reasons noted in this entry, the Court (1) DENIES the Motion for Preliminary Injunction WITHOUT PREJUDICE; (2) DENIES the Motion to Strike and Motion in Limine as moot; and (3) GRANTS the Partial Motion to Dismiss.

1

**I.  Background**

In lawsuits where preliminary injunctive relief is sought, the parties' filings often convey a palpable sense of urgency.  Disputes concerning real property exemplify this description, and courts "understand[] the intense feelings that . . . individual users have for their land and their lifestyle."  *Colorado v. New Mexico*, 467 U.S. 310, 334 n.4 (1984).  It is therefore no surprise that the I-69 Expansion Project ("the Project"), termed the largest contiguous construction project in the United States, has created certain levels of antipathy in proximate communities.  For purposes of this lawsuit, Plaintiffs are two such concerned, if not outright opposed, groups—Citizens for Appropriate Rural Roads, Inc. and the I-69 Accountability Project[1]—along with several individuals who own property or reside in the proposed "I-69 Corridor."  Plaintiffs abjure the Project, alleging that the efforts to extend the I-69 highway will directly impact their real property.  Accordingly, they filed an impassioned complaint in this court on August 1, 2011, requesting declaratory relief and injunctive relief aimed at halting construction, and reimbursement of reasonable attorneys' fees and costs.

The resultant procedural path of this lawsuit has been anything but straightforward.  Following some minor hiccups (namely, extending Defendants' deadlines to respond to the Complaint[2] and reassigning the matter to a second magistrate judge), the parties appeared

---

[1] Both of these plaintiffs are Indiana not-for-profit corporations.
[2] It is noteworthy that Magistrate Judge Dinsmore held a hearing to allow Plaintiffs to explain the prejudice they would suffer if Defendants' request for enlargement of time were granted.  Because Plaintiffs failed to make the necessary showing of prejudice, the Court granted Defendants' motions.  *See* Docket No. 25.

for an initial pretrial conference on December 7, 2011. Plaintiffs' Motion for Preliminary Injunction followed on December 9, 2011 but with no supportive brief. Three days later, Plaintiffs were ordered to file their supportive brief on or before December 19, 2011. *See* Docket No. 37. They failed to do so and were subsequently directed to show cause, in writing, by December 28, 2011, why their motion should not be summarily denied. *See* Docket No. 39. With that prompting, Plaintiffs complied with the Court's order by filing their brief on December 31, 2011.

There followed a flurry of activity during the first months of 2012, including the filing of an inaptly titled "Motion to Strike and Motion in Limine" by Defendants LaHood, Mendez, and Tally (collectively, "Federal Defendants") on February 2, 2012. The Federal Defendants requested that the Court strike specific evidentiary material—including evidence Plaintiffs ostensibly intended to submit at a hearing on injunctive relief to take place February 14, 2012—from the record. *See* Docket No. 59 at 4. We responded in an order dated February 10, 2012, granting in part and denying in part Federal Defendants' motion, stating that, "[t]o the extent that Plaintiffs can show that their proffered evidence is relevant under the applicable principles enunciated [in this ruling], Federal Defendants' Motion to Strike is DENIED in part." Docket No. 89 at 10. Consequently, we vacated the February 14, 2012 hearing on Plaintiffs' Motion for Preliminary Injunction. Docket No. 95.

A substantial portion of the parties' docket activity throughout the pendency of this lawsuit has related to Plaintiffs' efforts to supplement the federal administrative record

reflecting Executive Branch determinations that ultimately authorized construction of the I-69 highway extension. Federal Defendants submitted the administrative record to the Court on June 26, 2012 and certified that it contained all documents[3] available to the agencies that had made decisions regarding the Project. On July 27, 2012, the magistrate judge issued an Entry on Case Management [Docket No. 129] addressing preliminary injunctive and administrative record issues; "so that this case c[ould] be set on a course to its resolution," the magistrate judge also set an accelerated schedule for the parties, pursuant to which, Plaintiffs were to file their motions regarding any alleged insufficiencies in the administrative record with respect to claims in their original version of the Complaint[4] by August 17, 2012. Docket No. 129 at 3-4. The magistrate judge advised Plaintiffs that such motion(s) must: (1) articulate the ways in which the administrative record was deficient for purposes of judicial review; (2) describe what additional evidence they believed was necessary for proper judicial review; and (3) "for each such witness and documentary evidence explain why and how that evidence falls within an exception allowing extra-record consideration, consistent with [the Court]'s order of February 10, 2012." *Id.* at 4.

## II. Discussion

Today's ruling addresses outstanding issues in the following pending motions: (1)

---

[3] The full administrative record lodged before the Court includes both pre- and post-decisional documents. *See* Docket No. 125 at 1.

[4] Most of the causes of action stated in the original Complaint are National Environmental Policy Act ("NEPA") claims brought pursuant to the Administrative Procedures Act ("APA"). Plaintiffs' Amended Complaint [Docket No. 109], filed March 27, 2012, added several additional claims that are not relevant to the motions discussed in this entry.

Plaintiffs' Motion for Preliminary Injunction; (2) Federal Defendants' Motion to Strike and Motion in Limine, to the extent that the Court's February 10, 2012 order left matters unresolved; and (3) Federal Defendants' Partial Motion to Dismiss several counts set forth in the original Complaint. We address each of these motions in turn.

### A. Plaintiffs' Motion for Preliminary Injunction

Plaintiffs' indignation at the outset of this action was unmistakable. Their original Complaint was a 63-page document replete with allegations detailing how they expected the Project to "cause irreparable harm to the region's ecosystems, endangered species, natural resources and environmental quality, and . . . the public." Compl. ¶ 6. Given the number of people and claims involved as well as the intensity of their efforts to supplement the administrative record, we surmised that Plaintiffs sought immediate resolution of the issues discussed in their motion. At the very least, we expected that Plaintiffs would respond to our orders with all due speed in order to advance the claims for which they sought our expedited attention. That has not been the case, and for this reason, their motion for preliminary injunctive relief must now be denied.

Preliminary injunctive relief cannot issue if the party seeking such redress is unprepared or appears to have lost interest in securing such relief. To that end, the Court's February 12, 2012 order was premised on our determination that the matter was not properly "teed up" for a hearing. At that point, the onus was on Plaintiffs to advise the Court when they were ready to proceed with a hearing, or, alternatively, to address the related pre-hearing issues. Plaintiffs notified the magistrate judge on June 21, 2012 that

5

they would propose a schedule for setting a hearing within two business days.  *See* Docket No. 124 at 3.  In the same filing, they also advised:  "Plaintiffs will request that this hearing be set two weeks after, or as soon thereafter as possible, the date Defendants file their complete administrative record."  *Id.*  They failed to deliver on either assurance.

Many business days—indeed, months—elapsed between Plaintiffs' June 21, 2012 response and today's ruling.  The same is true concerning updates as to Plaintiffs' intentions in responding to the administrative record, which, as previously noted, was lodged with the Court on June 26, 2012.  Defendants' filing of the administrative record obligated Plaintiffs to notify the Court of their readiness for a hearing or, if nothing else, to suggest further steps that they believe should precede a hearing.  Plaintiffs' inaction in these respects has made clear the fact that they are unprepared to argue their motion for injunctive relief, assuming they have actually retained an interest in doing so.  Their silence and their unresponsiveness to court-imposed deadlines operate as a concession that they are not ready to proceed.  It is not incumbent on this court to try to move Plaintiffs beyond their apparent apathy.  As Magistrate Judge Lynch noted in her Entry Regarding Case Management, "[O]n at least two separate occasions this court has directed the plaintiffs to notify the court when they are ready . . . [for] a hearing on their motion for preliminary injunction.  They have not done so."  Docket No. 129 at 2 (citing docket entries of March 27, 2012 and May 14, 2012).

August 17, 2012 was Plaintiffs' third opportunity to apprise the Court of their readiness for a hearing on their request for injunctive relief.  This deadline came and went,

6

again without any indication either of their intentions or their readiness. Plaintiffs have now exhausted the Court's efforts to accommodate them by continuing to leave open the possibility of a hearing on injunctive relief. Plaintiffs' Motion for Preliminary Injunction will not prove itself. Lacking any reciprocal interest on their part in resolving the issues raised in that context, Plaintiffs' Motion for Preliminary Injunction is hereby DENIED WITHOUT PREJUDICE.

### B. Federal Defendants' Motion to Strike and Motion in Limine

On February 10, 2012, the Court ruled on Federal Defendants' Motion to Strike and Motion in Limine, granting the motion in part and denying it in part, thereby affording Plaintiffs an opportunity to establish the relevance of extra-record evidence in subsequent briefing. We made it clear to Plaintiffs that final resolution of this motion would require them to act. That ruling preceded Magistrate Judge Lynch's Entry Regarding Case Management. Thus, the briefing ordered on July 27, 2012 supersedes any prior instructions. Accordingly, we hereby DENY Federal Defendants' Motion to Strike and Motion in Limine as moot.

### C. Federal Defendants' Partial Motion to Dismiss

Federal Defendants filed their Partial Motion to Dismiss contemporaneously with the aforementioned Motion to Strike and Motion in Limine, asking the Court to dismiss Counts III, IV, V, VI, and VIII of Plaintiffs' Amended Complaint.[5] For motions other

---

[5]We note that the operative version of this document is the Amended Complaint [Docket No. 109], which was deemed filed as of March 27, 2012. When Federal Defendants filed their

than summary judgment motions, response briefs must be filed within fourteen days after service of the brief associated with the original motion.  *See* S.D. Ind. Local R. 7-1(c)(2)(A).  This deadline may be extended, but only upon a showing of good cause. *Id.* 7-1(c)(3).  Because Federal Defendants electronically served all other parties with their supporting brief [Docket No. 64] on February 2, 2012, Plaintiffs were allowed through February 16, 2012 to file a brief in response.  *See* Fed. R. Civ. P. 6(a); S.D. Ind. Local R. 7-1(c)(4).  Plaintiffs again failed to do so, nor did they ask the Court to extend this response deadline over the course of the ensuing months.  Accordingly, Local Rule 7-1(c)(5) permits the Court to rule summarily on Federal Defendants' motion, and we shall so rule.

One factor uniformly affects each of the challenged counts in Defendants' Partial Motion to Dismiss:  timing.  Title 23, Section 139(*l*) of the United States Code imposes a filing deadline for any claim seeking judicial review of a federal project.  Such claims "shall be barred unless [they are] filed within 150 days after publication of a notice in the Federal Register announcing that the permit, license, or approval is final pursuant to the law under which the agency action is taken."  23 U.S.C. § 139(*l*)(1) (as amended July 3, 2012).  The statute sets the same deadline for "new information received after the close of a comment period."  *Id.* § 139(*l*)(2) (as amended July 3, 2012).  Plaintiffs first sought judicial review of the Project on August 1, 2011, which postdates all statutory deadlines by

---

Partial Motion to Dismiss, we had not yet granted Plaintiffs leave to amend the original version of the Complaint.  Because the disputed counts follow the same numbering pattern in both versions of the document, we see no reason to draw further distinctions between the Complaint and the Amended Complaint.

at least one year.  *See* Fed. Defs.' Br. ¶ 4.  No further analysis by us is required;[6] clearly, the applicable limitations period for each disputed count has run, making the claims stated therein time-barred and subject to dismissal.

### III. Conclusion

For the reasons detailed above, the Court DENIES Plaintiffs' Motion for Preliminary Injunction WITHOUT PREJUDICE and DENIES AS MOOT Federal Defendants' Motion to Strike and Motion in Limine.  The Court also GRANTS Federal Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint WITH PREJUDICE.  Accordingly, Counts III, IV, V, VI, and VIII of the Amended Complaint are dismissed with prejudice and may not be refiled in a subsequent pleading.

IT IS SO ORDERED.

Date: 09/19/2012

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[6]The Court's determination that these counts are time-barred forecloses the need to address Federal Defendants' argument that Plaintiffs' claims related to changes in financing, asserted in Count IV, fail to state a claim for which relief can be granted.  *See* Fed. R. Civ. Pro. 12(b)(6).

Copies to:

Mick G. Harrison
mickharrisonesq@earthlink.net

Daniel W. Pinkston
U.S. DEPARTMENT OF JUSTICE
daniel.pinkston@usdoj.gov

Jared S. Pettinato
U.S. DEPARTMENT OF JUSTICE
jared.pettinato@usdoj.gov

John Brett Grosko
U.S. DEPARTMENT OF JUSTICE
brett.grosko@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Albert M. Ferlo
PERKINS COIE LLP
aferlo@perkinscoie.com

Elisabeth C. Frost
PERKINS COIE LLP
efrost@perkinscoie.com

Timothy J. Junk
INDIANA OFFICE OF THE ATTORNEY GENERAL
tjunk@atg.state.in.us

William G. Malley
PERKINS COIE LLP
wmalley@perkinscoie.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Daniel P. King
FROST BROWN TODD LLC
dking@fbtlaw.com