UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CITIZENS FOR APPROPRIATE RURAL ROADS, INC., *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:11-cv-01031-SEB-DML |
| RAY LAHOOD, *et al.* | ) ) ) | |
| Defendants. | ) | |

## **ORDER ON DEFENDANT INDOT'S MOTION FOR ATTORNEYS' FEES**

This cause is before the Court on Defendant INDOT's Motion for Determination of Attorneys' Fees [Docket No. 151], filed on November 6, 2013. For the reasons set forth below, Defendant INDOT's award of attorneys' fees is set at the adjusted level of $9880.

## **Procedural Background**

The underlying facts of this Administrative Procedure Act litigation can be found in the Court's recent ruling on the parties' cross motions for summary judgment. Docket No. 171. This request for attorneys' fees stems from the Court's October 2013 order sanctioning Plaintiffs for their dilatory conduct in prosecuting the case.

Since they filed their initial Complaint in this case, Plaintiffs have failed to follow the Court's scheduling orders on several occasions. On March 21, 2013, in response to this pattern of repeated delay, Magistrate Judge Lynch ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute under Federal Rules of Civil Procedure 41(b) and Local Rule 41-1. Docket No. 133. On June 10, 2013, Defendant INDOT filed a motion to dismiss for lack of prosecution. Docket No. 136. After examining both the INDOT motion and Plaintiffs'

1

return to the show-cause order, the Court elected not to dismiss the suit. Docket No. 150 at 10.

We did, however, impose a lesser sanction on Plaintiffs, stating as follows:

> We are authorized by statute and by the Federal Rules of Civil Procedure to impose sanctions, including reasonable attorneys' fees and costs, on parties failing to obey scheduling or other pretrial orders. *See* 28 U.S.C. § 1927 (authorizing sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously"); Fed. R. Civ. Pro. 16(f)(1)(C). We therefore order Plaintiffs to compensate Defendants for the attorneys' fees reasonably incurred in preparing and briefing this motion to dismiss.

*Id.* at 10.

Shortly thereafter, INDOT filed its "motion for determination of attorneys fees" pursuant to our order. Docket No. 151. The motion, supported by the affidavit of lead attorney Albert M. Ferlo, asserts that three attorneys for INDOT's counsel, the firm Perkins Coie LLP, worked for a total of 40 hours in preparing the motion. *Id.* at 2. After applying the hourly rate each of the three attorneys charges INDOT for his or her work, Defendant arrives at the sum of $20,749.50. *Id.* Plaintiffs challenge this amount as excessive, and propose that a sum between $5000 and $10,000 would be reasonable. Docket No. 157.

## Legal Analysis

**I.    Standard for reasonable attorneys' fees awards**

In setting the amount of an attorneys' fees award, federal courts usually follow the lead of the United States Supreme Court, whose decision on a fee award under 42 U.S.C. § 1988 in *Hensley v. Eckerhart,* 461 U.S. 424 (1983), stated as follows: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." 461 U.S. at 434. The product of these two variables is known as the "lodestar," and "the party seeking the fee award

bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley,* 461 U.S. at 433). Even where the moving party has provided some documentation for his claims, courts may exercise discretion in setting "reasonable" amounts for hours worked or hourly rate. *Id.* at 550. Once the lodestar amount has been calculated, it is presumptively the correct fee award. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986).

The standard we apply in determining a reasonable fee amount is also informed by consideration of the legal basis of the award here. In the Court's order of October 25, 2013, we awarded fees to sanction Plaintiffs' dilatory prosecution of the case pursuant to 28 U.S.C. § 1927 (Rule 11) and Federal Rule of Civil Procedure 16(f)(1)(C). Under both these provisions, courts are instructed to undergo careful analysis of an appropriate fee amount in light of the underlying purpose of the sanction. *See Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989) (holding that, in imposing Rule 11 sanctions, "the amount of the sanction must be a carefully measured response to the sanctioned conduct"). Under Rule 16, "the basic principle underlying the imposition of sanctions . . . is that the least severe sanctions adequate to serve the purpose should be utilized." *Kiser v. Boeing Co.*, 163 F.R.D. 13, 15 (D. Kan. 1995); *Former Emps. of Tyco Elecs. v. U.S. Dep't of Labor,* 27 C.I.T. 380 (Ct. Int'l Trade 2003). The purpose of attorneys' fees as sanctions is to deter undesirable conduct, not necessarily to fee shift. *Kiser,* 163 F.R.D. at 15.

**II.    INDOT's fee request**

Following the framework established by the "lodestar method," we now determine reasonable amounts for hourly compensation and hours worked, considering both INDOT's proposed amounts and Plaintiffs' objections.

## A. Hourly rate

INDOT's motion is accompanied by the affidavit of Albert M. Ferlo, the partner at Perkins Coie LLP who has lead responsibility for the case. He asserts that three Perkins Coie attorneys—he, William Malley, and Elisabeth Frost—contributed to the preparation of the Rule 41(b) motion. He further avers that Perkins Coie charges INDOT the following hourly rates for these attorneys' services: $525 per hour for Mr. Ferlo, $585 per hour for Mr. Malley, and $425 per hour for Ms. Frost. Docket No. 151, Ex. 1 at ¶¶ 10–12.

We recognize a presumption that the rates a law firm actually charges its client are reasonable for the geographic market and the type of work performed. *See Cintas Corp. v. Perry*, 517 F.3d 549, 569 (7th Cir. 2008) ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them."); *Evansville Greenway & Remediation Trust v. S. Ind. Gas & Elec. Co., Inc.*, 2012 WL 602638, at *2 (S.D. Ind. Feb. 23, 2012). Plaintiffs object that "the hourly rates requested appear excessive for the Midwest." Docket No. 157 at 2. Apart from this bare assertion, however, Plaintiffs offer no support for the contention that the rates quoted by Mr. Ferlo are unreasonable. Because Plaintiffs offer us no evidence contravening the presumption that INDOT's agreement to pay Perkins Coie these rates demonstrates the rates' reasonableness, we accept the validity of the rates quoted in the Ferlo affidavit.

## B. Hours worked

The Ferlo affidavit asserts that, taken together, the three Perkins Coie attorneys devoted exactly 40 hours to preparing the Rule 41(b) motion to dismiss. Docket No. 151, Ex. 1 at ¶ 6. Of this total, 15.5 hours were primarily allotted to researching case law pertinent to the motion to dismiss, coupled with a "conference with counsel for Federal defendants regarding motion to

4

dismiss" and a "conference with client regarding motion to dismiss." *Id.* at ¶¶ 6(a), 6(b), 6(d), 6(e).[1] Ferlo asserts that he spent 12.2 hours drafting the motion, while he and the other two attorneys devoted 12.3 total hours to either reviewing and editing the motion or communicating with co-counsel and clients about it. *Id.* at ¶ 6. Plaintiffs object to these figures in two respects. First, they contend that the motion to dismiss was relatively straightforward—citing only two Seventh Circuit cases and one Supreme Court case—and that the time spent researching case law "should have reasonably taken no more than 4-5 hours." Docket No. 157 at 3. Second, they take issue with the allocation of several hours to client and co-defendant consultation: "[I]t is not at all apparent why the bulk of 5 hours on June 6th would be required to meet with either counsel for the Federal Defendants who did not join in INDOT's motion or to meet with the INDOT client representatives who would have little input into this type of motion." *Id.* Defendant replies that the time spent on the motion was fully warranted by the unfamiliarity of counsel with a motion to dismiss for failure to prosecute. Docket No. 158 at 1–2.

Although we did not accede to its request for dismissal, INDOT's 14-page memorandum in support of its Rule 41(b) motion was competent and thorough, and it evidenced diligence in preparation. *See* Docket No. 137. Nevertheless, we agree with Plaintiffs that the factual and legal issues at play in the motion are relatively straightforward—far less complex, certainly, than the underlying dispute in this case, with its voluminous administrative record and multiple statutory regimes. *Cf. Fed'n of Fly Fishers v. Daley,* 200 F. Supp. 2d 1181 (N.D. Cal. 2002) (discussing the inherently complex nature of APA litigation). INDOT's memorandum recites the six-part test used by the Seventh Circuit in weighing Rule 41(b) motions, and it proceeds to apply the test to

---

[1] The affidavit recites that one two-hour period was split in some fashion between drafting the motion and researching case law. Docket No. 151, Ex. 1 at Docket No. 151, Ex. 1 at ¶ 6(e). Since the Defendant has not provided a breakdown of how this time was spent, we adopt a Solomonic solution for purposes of estimation: assuming that one hour was spent drafting and one hour spent researching. The 15.5 total hours we allot to "research" time reflects that assumption.

the facts; the bulk of the document's legal argument consists of a narrative of Plaintiffs' numerous missed deadlines. *See id.* at 5–11. As Plaintiffs point out, the memorandum is exceedingly spare in its citations to case law, and it does not embellish its application of the six-part test with efforts to analogize to authoritative or persuasive precedent. While it is certainly adequate, the Rule 41(b) motion does not exhibit—nor did it require—the application of painstaking research efforts or high-level legal reasoning skills.

Courts may reduce the hours charged by a moving party to "exclude hours that are excessive, redundant, or otherwise unnecessary." *See Hensley,* 461 U.S. at 434. This inquiry, of course, is not conducive to a clear test; courts therefore wield considerable discretion in this regard, and may rely on "[their] own knowledge" to guide them. *See Gatti v. Cmty. Action Agency of Greene Cnty., Inc.*, 263 F. Supp. 2d 496, 518 (N.D.N.Y. 2003); *Guar. Nat'l Ins. Co. v. McGuire,* 192 F. Supp. 2d 1204, 1210 (D. Kan. 2002).

In light of these principles, we agree with Plaintiffs that the preparation of the motion did not warrant 40 hours' work by partners at a large law firm charging upwards of $500 an hour for their services. Given that the only visible evidence of research into Seventh Circuit case law in their memorandum is the citation of two cases establishing the basic legal standard governing the motion, we conclude that 4 hours is a more reasonable allocation of research time. We also agree that neither extensive consultation with the client and the Federal Defendants nor more than a full day's worth of editing and review should have been necessary for this motion and memorandum. We accordingly reduce the hours attributed to consultation and review from 12.3 to 3. Since Ms. Frost's contribution appears to have been primarily in editing and review,[2] we

---

[2] The Ferlo affidavit asserts that Ms. Frost spent 2.7 hours engaged in "reviewing and revising" the memorandum, as well as finalizing and filing it; it asserts she spent an additional .1 hours (six minutes) reviewing emails from Mr. Ferlo. Docket No. 151, Ex. 1 at ¶¶ 6(c), 6(j), & 6(o).

allocate two of these hours to her, and one to Mr. Ferlo. Because the memorandum does bear evidence of careful and thorough drafting, we leave untouched INDOT's assertion that Mr. Ferlo devoted 12.2 hours to writing it.

### III. Conclusion

We therefore reach the following conclusions with regard to the attorney hours reasonably expended in preparing the Rule 41(b) motion and its accompanying memorandum:

- Mr. Ferlo spent 4 hours researching the record and Seventh Circuit case law, at $525 an hour, for a total of **$2100.**

- Mr. Ferlo spent 12.2 hours drafting the motion and memorandum, at $525 an hour, for a total of **$6405.**

- Mr. Ferlo spent 1 hour reviewing the motion and memorandum, at $525 an hour, for a total of **$525.**

- Ms. Frost spent 2 hours reviewing and revising the motion and memorandum, at $425 an hour, for a total of $**850.**

The total amount of attorneys' fees reasonably chargeable to Plaintiffs is therefore **$9880.** Not only is this sum a more appropriate reflection of the effort warranted by the Rule 41(b) motion, it also accords with our responsibility under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 16(f)(1)(C)—the bases of our fee award—to ensure that the sanction imposed on Plaintiffs is commensurate with the Court's limited purpose of deterring further misconduct. *See Kiser,* 163 F.R.D. at 15. Plaintiffs are hereby ordered to pay the sum of $9880 to Defendant INDOT in satisfaction of this Court's order of October 25, 2013.

IT IS SO ORDERED.

Date: 4/4/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mick G. Harrison
mickharrisonesq@earthlink.net

William G. Malley
wmalley@perkinscoie.com

Daniel P. King
FROST BROWN TODD LLC
dking@fbtlaw.com

Timothy J. Junk
OFFICE OF THE ATTORNEY GENERAL
tim.junk@atg.in.gov

Albert M. Ferlo
PERKINS COIE LLP
aferlo@perkinscoie.com

Elisabeth C. Frost
PERKINS COIE LLP
efrost@perkinscoie.com

Daniel W. Pinkston
U.S. DEPARTMENT OF JUSTICE
daniel.pinkston@usdoj.gov

John Brett Grosko
U.S. DEPARTMENT OF JUSTICE
brett.grosko@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Jared S. Pettinato
UNITED STATES DEPARTMENT OF JUSTICE
jared.pettinato@usdoj.gov

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com