UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CITIZENS FOR APPROPRIATE RURAL ROADS, INC., *et al.* <br> Plaintiffs, <br> vs. <br> ANTHONY FOXX, *et al.* <br> Defendants. | 1:11-cv-01031-SEB-DML |

## **ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

This cause is before the Court on Plaintiffs' "Rule 59 Motion for New Trial, to Alter or Amend, and for Reconsideration" [Docket No. 174], filed on April 28, 2014 pursuant to Federal Rule of Civil Procedure 59. For the reasons set forth below, the motion is DENIED. Plaintiffs' request to correct certain non-substantive clerical errors in the Court's Order on summary judgment, which we construe as a motion pursuant to Federal Rule of Civil Procedure 60(a), is GRANTED in part and DENIED in part.

### **Procedural Background**

We have set forth the facts of this case in our order on the parties' cross motions for summary judgment [Docket No. 171], and it is not necessary for the resolution of this motion for us to re-examine them here.

Plaintiffs' present motion concerns two of the Court's prior orders. First, in an order issued on September 19, 2012, we granted Defendants' motion to dismiss Counts 3, 4, 5, 6, and 8 of Plaintiffs' Amended Complaint. Docket No. 132. Second, in an order issued on March 31, 2014, we granted Defendants' motion for summary judgment on the remaining counts of the

1

Amended Complaint. Docket No. 171. The Court entered judgment in favor of Defendants contemporaneously with our summary judgment order resolving all outstanding disputes, Docket No. 172, and Plaintiffs filed this motion to amend judgment within the time frame prescribed by Federal Rule of Civil Procedure 59(e).

## Legal Analysis

### Standard of Review

Plaintiffs have filed this motion pursuant to Federal Rule of Civil Procedure 59, which establishes the guidelines under which parties may alter or amend final judgments. Fed. R. Civ. Pro. 59(e). In order to prevail on a Rule 59 motion, a party must "clearly establish" that: (1) the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013); *Harrington v. City of Chicago*, 433 F.3d 542, 545–546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). A party cannot show that the court committed a "manifest error of law" simply by recapitulating its previously unsuccessful arguments; rather, it must demonstrate that the court's ruling exhibited "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

### Discussion

Plaintiffs seek reconsideration of the Court's dispositive orders in three respects. First, they argue that the Court dismissed Count 8 of the Amended Complaint erroneously in September 2012, and that they should accordingly be entitled to consideration of that count on the merits. Second, they contend that the Court erred in disregarding certain "whistleblower"

statements that they believe would be probative of a number of their claims. Lastly, Plaintiffs urge that they should be considered the "prevailing party" on Count 11 for purposes of attorneys' fees and costs, because the remedial agency actions that rendered their claim moot were actually prompted by their action in initiating this suit. In addition to their substantive arguments, Plaintiffs also seek alteration of the Court's summary judgment order on several non-substantive points. We consider these arguments in turn.

## I. Reinstatement of Count 8

Count 8 of Plaintiffs' Amended Complaint alleged that Defendants FHWA and INDOT had violated the Administrative Procedure Act by preparing Environmental Impact Statements (EISs) for Sections 3 and 4 of the I-69 project in bad faith. Docket No. 109 at ¶¶ 120–133. In their partial motion to dismiss, the Federal Defendants argued that all of Plaintiffs' claims challenging the Section 3 Record of Decision (ROD) were time-barred under the applicable 180-day statute of limitations and thus subject to dismissal. *See* Docket No. 62 at ¶ 4 (citing 23 U.S.C. § 139(*l*)). Accepting Defendants' argument, the Court dismissed Count 8 in its entirety—together with Counts 3, 4, 5, and 6. Docket No. 132 at 7–9. Plaintiffs now insist that the wholesale dismissal of Count 8 on statute of limitations grounds was error, because a number of the factual allegations contained in Count 8 pertain to the preparation of the EIS for Section 4 rather than Section 3, and thus were not time-barred under 23 U.S.C. § 139(*l*). Docket No. 175 at 2–3.

Plaintiffs' bid to reinstate Count 8 fails for at least two reasons: they have waived any argument by waiting so long to seek reconsideration, and those portions of Count 8 not time-barred would still have been subject to dismissal on ripeness grounds.[1]

As the United States Supreme Court has observed, Rule 59 "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). *See also Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996) (holding that a Rule 59(e) motion is not "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment") (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Whether rightly or wrongly decided, the Court's September 2012 Order was quite clear: it dismissed Count 8 in its entirety. *See* Docket No. 132 at 7–9. If Plaintiffs somehow misunderstood the ruling's significance at first, they had an opportunity to respond when Defendants expressly moved for summary judgment on all of Plaintiffs' remaining claims. *See* Docket Nos. 161, 163. Instead, however, Plaintiffs raised no objection whatsoever to the dismissal of Count 8 in the 18 months that passed between the Court's September 2012 order and the entry of judgment in March 2014. Relief may be denied under Rule 59(e) when the movant has failed to exercise due diligence. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004). Under these circumstances, we conclude that Plaintiffs have waived any argument for

---

[1] Defendants also argue that Count 8 would fail on its merits. We do not need to reach that question.

reconsideration of the Court's ruling. *See Schoenman v. Fed. Bureau of Investigation*, 857 F. Supp. 2d 76, 84–85 (D.D.C. 2012) (denying Rule 59(e) relief where the movant waited an "extraordinary *eleven months and two weeks,* and until after the Court entered a final judgment, before he sought reconsideration") (emphasis original); *Freeman v. Gerber Products Co.*, 396 F. Supp. 2d 1260, 1262 (D. Kan. 2005) (ruling that movant "should have moved for reconsideration of the court's . . . order months ago if [the movant] genuinely believed reconsideration was warranted").

Even if Plaintiffs' argument for reconsideration with regard to Count 8 were not waived, amendment of the Court's September 2012 order would be futile, because Count 8 is subject to dismissal on another ground. In the Court's order on summary judgment, we observed as follows:

> In the context of judicial review under the APA, a challenge to agency conduct is ripe only if it is filed after "final agency action" on the matter. 5 U.S.C. § 704; *Blagojevich v. Gates,* 519 F.3d 370, 372 (7th Cir. 2008). An agency's action is "final" if it satisfies two requirements: first, it must "mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature"; second, the action "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–178 (1997) (further citations omitted). An agency's issuance of a "record of decision" (ROD) generally constitutes final agency action, although other decisions signaling plan approval or a definitive agency opinion on a matter may also meet these criteria. *See Jersey Heights Neighborhood Ass'n v. Glendening,* 174 F.3d 180, 186 (4th Cir. 1999) (concluding that "the ROD thus signaled the end of the decisionmaking process"); *Sierra Club v. U.S. Dep't of Energy*, 825 F. Supp. 2d 142, 156–157 (D.D.C. 2011) ("Regardless of whatever steps have been taken thus far, [the agency] can change its mind . . . until it issues a Record of Decision."). *But see Bennett,* 520 U.S. at 175 (noting that a "biological opinion" (BiOp) can constitute final agency action for Endangered Species Act purposes).

Docket No. 171 at 8–9. On the basis of this reasoning, we granted Defendants' motion for summary judgment on Plaintiffs' Counts 9, 13, 14, 15, 16, 17, and 18—all of which challenged

5

aspects of the agencies' Section 4 decision-making under the APA—because Plaintiffs had initiated their action prematurely, before an ROD for Section 4 had been issued. *Id.* at 9 ("There can be no doubt that, at least in this context, the ROD represented the agencies' last word on the matter, notwithstanding the earlier issuance of both a DEIS and an FEIS.").

As Plaintiffs acknowledge, Count 8 "present[s] a claim of bad faith preparation by Defendants of the Section 4 EIS" under the APA. Docket No. 175 at 2. An environmental impact statement, however, is "interlocutory," and does not serve as "final agency action" triggering the availability of judicial review. *Id.* at 9 (citing *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1065–1066 (10th Cir. 2012)). Had Count 8 not been dismissed by the Court in September 2012, then, we would have granted Defendants' motion for summary judgment as to Count 8 in March 2014 on grounds of unripeness.

For both these reasons, Plaintiffs' motion to amend the Court's judgment with respect to Count 8 of Plaintiffs' Amended Complaint is DENIED.

## II. The Harrison Declaration

On summary judgment, Plaintiffs sought to introduce as evidence a declaration made by counsel Mick Harrison. In his declaration, Harrison averred that two unnamed INDOT employees had divulged to him information relating to INDOT's alleged bad faith in its handling of vehicle pollution data that had been released in 2009. *See* Docket No. 166-5 (Harrison Decl.) at 1–5. The Court's summary judgment order ruled that these "whistleblower" statements were inadmissible hearsay. We explained our conclusion as follows:

> Plaintiffs' "whistleblower" statements are submitted in an affidavit by counsel Mick Harrison. He asserts that an unnamed INDOT official recounted to him that the agencies had consciously delayed or suppressed the 2009 data until after the final Section 4 decisions were published, and that FHWA personnel consciously

> referred to this effort as a "delaying tactic." Docket No. 166 Ex. 5 (Harrison Affidavit) at ¶¶ 14, 17 (referring to "smoking gun" evidence). The statements contained in this affidavit, however, are inadmissible—as the statements of a non-testifying third party offered for their veracity, they are hearsay not subject to any exception recognized by the Federal Rules of Evidence. *See id.*; *see also* Fed. R. Evid. 801, 802; *Tomanovich v. City of Indianapolis*, 2005 WL 4692616, at *1 (S.D. Ind. Feb. 10, 2005). We accordingly consider none of the "whistleblower" evidence here.

Docket No. 171 at 21–22. In a footnote, we anticipated, and rejected, any argument by Plaintiffs that the putative "whistleblower" revelations were "statements of a party opponent" and thus non-hearsay under Federal Rule of Evidence 801(d)(2)(D): "Only the statements of certain higher-ranking employees of an organization are attributable to the organization for the purposes of Rule 801, and it is inappropriate to treat an anonymous source as speaking on behalf of the agency." *Id.* at 22 n.12 (citing *See Indianapolis Minority Contractors Ass'n*, *Inc. v. Wiley,* 1998 WL 1988826, at *16–17 (S.D. Ind. May 13, 1998)).

In seeking reconsideration of this ruling, Plaintiffs do nothing more than recite the relevant rules of evidence, reminding us: "Statements by an employee or agent of an opposing party during the course of their employment or agency and within the scope of same are defined under the Federal Rules of Evidence as either non-hearsay, see Fed. R. Evid. § 801(d)(2)(D), or as an exception to the hearsay prohibition, see Fed. R. Evid. §§ 804(a)(5) and 804(b)(3)." Docket No. 175 at 3–4. Plaintiffs offer no argument that the Court's ruling was legal error—nor do they so much as address the court's reasoning—and they make no assertion that newly discovered evidence compels us to view the Harrison affidavit or the hearsay statements therein in a new light. *Cf. Cincinnati Life,* 722 F.3d at 954. Their Rule 59(e) motion with respect to our evidentiary ruling on those statements must thus be DENIED.

### III. Count 11

As stated in Plaintiffs' Amended Complaint, Count 11 was one of three claims that Defendants violated their obligations under the Endangered Species Act with respect to the endangered Indiana bat. Specifically, Count 11 alleged that the FHWA violated 16 U.S.C. § 1536, and acted in an "arbitrary and capricious" manner in violation of the APA, by failing to reinitiate formal consultation with FWS when they learned that tree-cutting activities and construction activities in the Indiana bats' habitat would constitute a greater "take" of the bats than originally anticipated in the FWS's "biological opinion." Am. Compl. ¶¶ 170–178. Even though the Court granted summary judgment on Count 11, Plaintiffs urge that they be considered the "prevailing party" on the claim because, they assert, the agency actions that rendered Count 11 moot were only prompted by Plaintiffs' actions in filing the litigation and bringing the claim in question. *See* Docket No. 175 at 4–5. They accordingly beseech the court to amend its judgment so that they may recover "attorney fees and expenses" related to the prosecution of the claim. *Id.*

Plaintiffs do not explain why they feel they are entitled to attorneys' fees and costs with respect to Count 11, but they presumably base this adventurous theory on the Equal Access to Justice Act (EAJA), which provides that, under certain circumstances, parties prevailing in civil suits against the United States or its agencies or officials may recover costs or fees. 28 U.S.C. § 2412(a)(1). The statute defines a "prevailing party" as one who obtains a final judgment in its favor, 28 U.S.C. § 2412(d)(2)(H); the Supreme Court, in a different context, has defined the term more broadly as encompassing a party who "receives at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health and Human Servs.*, 532 U.S. 598, 603–604 (2001) (construing 42 U.S.C. § 1988).

In no sense did Plaintiffs prevail on Count 11: they received neither a favorable judgment, nor injunctive relief, nor any judicial acknowledgment that their claim had merit. Their allegation that Defendants took remedial action that was prompted by their suit but was independent of any judicial intervention, even if substantiated, would not render them the "prevailing party" under the EAJA. *See Ma v. Chertoff,* 547 F.3d 342, 344 (2d Cir. 2008) (holding that plaintiff is not a "prevailing party" where claim was mooted when "Defendants voluntarily gave [him] the relief he sought"); *Doherty v. Thompson,* 603 F. Supp. 2d 745, 748 (S.D.N.Y. 2009). The Seventh Circuit, despite expressing reservations about the applicability of the *Buckhannon* definition of "prevailing party" to the EAJA, has concurred with the unanimous opinion of its sister circuits in affirming that a party cannot recover costs and fees under the EAJA unless it received favorable adjudication of its claim in some manner. *See Jeroski v. Fed. Mine Safety & Health Review Comm'n*, 697 F.3d 651, 653 (7th Cir. 2012) (listing authority from other Courts of Appeal).

As the Court's ruling on Count 11 stands, then, Plaintiffs are entitled to no recovery. When we granted summary judgment against Plaintiffs on the claim, we did so on the grounds that Plaintiffs had never offered any response to Defendants' multiple arguments against the count—arguments which included Plaintiffs' lack of standing, failure to comply with the 60-day notice deadline required of "citizen suits" under the Endangered Species Act, and that the claim failed on the merits. We therefore ruled that Plaintiffs had waived any arguments in favor of Count 11:

> When a plaintiff fails to provide any arguments in favor of his claims and offers no response to a defendant's arguments in favor of summary judgment on those claims, he has waived the claims. *See Goodpaster v. City of Indianapolis,* 736 F.3d 1060, 1075 (7th Cir. 2013) (holding that because the plaintiffs "did not provide the district court with any basis to decide their claims, and did not respond to the City's arguments, these claims are waived"); *Bonte v. U.S. Bank,*

9

> *N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). We cannot act as both adjudicator and surrogate counsel for Plaintiffs, and it is beyond the scope of our authority to "supply the legal research and organization to flesh out a party's arguments." *Smith v. Town of Eaton, Ind.*, 910 F.2d 1469, 1471 (7th Cir. 1990).

Docket No. 171 at 31. One round of briefs later, Plaintiffs still have not answered any of Defendants' arguments. We therefore have no reason to disturb our conclusion that the claim is waived. Because Plaintiffs have offered us no reason to amend our ruling and Plaintiffs have no entitlement to attorneys' fees or costs under the current disposition of the claim, Plaintiffs' Rule 59(e) motion with respect to Count 11 is DENIED.

## IV. Clerical Corrections

Plaintiffs lastly request the Court to make five non-substantive changes to our March 2014 order on summary judgment. Because these proposed changes are in the nature of clerical corrections rather than substantive amendments to the judgment, we construe this portion of Plaintiffs' motion as arising under Federal Rule of Civil Procedure 60(a), which permits the correction of "clerical mistakes, oversights and omissions." Fed. R. Civ. Pro. 60(a). Defendants do not object to Plaintiffs' proposed changes. While they have no bearing on any of our rulings, we accept two of Plaintiffs' proposed amendments, in the interests of making the order as accurate as possible. We will therefore make the following cosmetic alterations to that opinion [Docket No. 171]:

- On page four of the opinion, Plaintiff Sandra Tokarski was listed twice; we will replace the second reference to Sandra Tokarski with one to Plaintiff Thomas Tokarski, whose name had previously been omitted.
- Also on page four of the opinion, we will clarify the text to indicate that the FWS, rather than "Defendants" as a whole, issued the Biological Opinion in question.

10

We reject Plaintiffs' three other suggested changes. Two concern our descriptions of two of the plaintiffs, one of whom has since died and the other of which—an organization—has since disbanded. Docket No. 171 at 4. Since our descriptions concerned the identity of the Plaintiffs at the time the suit was filed, however, they remain accurate, and we see no reason to delete them. Plaintiffs also take issue with our statement, in page three of the opinion, that Section 4 of I-69 "now nears completion," *Id.* at 3; they contend that it was less than 50% complete as of March 2014. Since they suggest no alternative language and the Court's terminology was rhetorical rather than scientific, we see no reason to alter our characterization.

## Conclusion

Plaintiffs' motion to amend judgment under Rule 59(e) is DENIED in its entirety. Plaintiffs' motion to correct clerical mistakes under Rule 60(a) is GRANTED in part and DENIED in part, as detailed above.

IT IS SO ORDERED.

Date: ___1/14/2015___ .

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mick G. Harrison
mickharrisonesq@earthlink.net

William G. Malley
wmalley@perkinscoie.com

Daniel P. King
FROST BROWN TODD LLC
dking@fbtlaw.com

Timothy J. Junk
OFFICE OF THE ATTORNEY GENERAL
tim.junk@atg.in.gov

Albert M. Ferlo
PERKINS COIE LLP
aferlo@perkinscoie.com

Elisabeth C. Frost
PERKINS COIE LLP
efrost@perkinscoie.com

Daniel W. Pinkston
U.S. DEPARTMENT OF JUSTICE
daniel.pinkston@usdoj.gov

John Brett Grosko
U.S. DEPARTMENT OF JUSTICE
brett.grosko@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Jared S. Pettinato
UNITED STATES DEPARTMENT OF JUSTICE
jared.pettinato@usdoj.gov

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com